UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID GREENWADE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:10CV856 HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of David Greenwade to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

On February 24, 2006, movant pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute in excess of 100 kilograms of marijuana and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, one count of conspiracy to commit armed bank robberies and attempt to commit armed bank robberies, in violation of 18 U.S.C. § 371, one count of bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and one count of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). On August 8, 2007, movant was sentenced to a total term of 180 months' imprisonment, followed by a five-year term of supervised release. Movant did not appeal.

Movant now claims that he is entitled to resentencing based on the United States Supreme Court's decision in Chambers v. United States, 129 S.Ct. 687 (2009)(addressing what constitutes "a violent felony" within the meaning of the Armed Career Criminal Act).

**Discussion**

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1), and is subject to summary dismissal. Movant's conviction became final, at the latest, ten days after his August 8, 2007 sentencing. See Fed.R.App.P.4(b). Moreover, Chambers v. United States was decided on January 13, 2009, and the instant habeas motion was signed and mailed to this Court on or about May 6, 2010 [Doc. #1]. As such, even if Chambers applied to the instant case, movant's motion would still be untimely, because it was filed more than a year after this Supreme Court decision was issued.

In accordance with the foregoing,

2

**IT IS HEREBY ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant motion appears to be time-barred.

**IT IS FURTHER ORDERED** that movant shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant motion as time-barred. Movant's failure to file a show cause response shall result in the denial of the instant motion to vacate and the dismissal of this action as time-barred.

Dated this 19th day of May, 2010.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE